UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, *as subrogee of Kenneth Burkhart*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CAUSE NO. 1:13-CV-184 |
| GENERAL MOTORS LLC, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Huntington Circuit Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that, "[u]pon information and belief," Plaintiff State Farm Fire & Casualty Company is an Illinois company with its principal place of business in Illinois. (Notice of Removal ¶ 4(a)(i).) It further alleges that Defendant General Motors LLC is a Delaware limited liability company with its principal place of business in Michigan. (Notice of Removal ¶ 4(a)(ii).)

The Notice of Removal, however, is inadequate for two reasons. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M*

1

*Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently, Defendant must amend its Notice of Removal to allege Plaintiff's citizenship on personal knowledge rather than information and belief.

And, as to Defendant General Motors LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, alleging that General Motors LLC is a Delaware limited liability company with its principal place of business in Michigan does not establish its citizenship.  Rather, the Court must be advised of the citizenship of all of General Motors LLC's members to ensure that none of them share a common citizenship with Plaintiff.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of General Motors LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before June 25, 2013, properly alleging on personal knowledge the citizenship of Plaintiff State Farm Fire & Casualty Company and Defendant General Motors LLC.

SO ORDERED.

Enter for this 11th day of June, 2013.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge